By the Court.
This case was submitted to the court on a general demurrer to the relator’s petition, and was argued orally and by briefs. The action is one in quo iparranto, in which an order *281 is asked ousting the railway company from the further use arid occupancy of the county highway by its tracks, ties, poles, wires, etc., along the east side thereof, between the south line of Worthington, Ohio, and the north end of the brick paving on North High street, some two and a fraction miles in length, being known as Section P of Inter-County Highway No. 4, and being the section of highway for the improvement of which proceedings have been passed, contract let, and work begun or about to be begun, through the action of the County Commissioners of Franklin county, Ohio, and the State Highway Commissioner.
The petition is quite lengthy, and the preliminary steps of the county commissioners and the state highway commissioner taken by resolution, in passing the legislation for the improvement, the selling of bonds, the advertising for bids, the acceptance of the lowest and best bid, the entering into the contract and bonding of the contractor, the institution and disposition of injunction proceedings by the defendant, the giving of various notices to the defendant, the franchise under which the railroad company operated its business, and which the relator contends should be forfeited, are all set out in full in the petition. And no' question of failure of proper notice is urged by the company in its argument on the demurrer.
It appears- from the allegations of the petition that the defendant has had notice of the letting of the contract and of the resolution, of the county commissioners and the highway commissioner declaring the tracks and equipment of the company. *282 as located on the east side of the road/ to be an obstruction, since or shortly prior to April 1, 1921, and that the order for the removal of such obstruction was properly given by the county and state officials.
The petition filed on the 30th day of April, 1921, avers that “defendant refuses to remove its said tracks, poles and wires from their present location as aforesaid along the easterly side of said Section P of Inter-County Highway No. 4 and to re-locate the same along the center line of said section of highway.”
The character of the remedy sought, that of quo warranto, is fortified by the relator in his briefs by numerous authorities, apparently in point. At any rate, no serious objection on this question is raised by the defendant in argument or briefs.
The relator then claims that by favor of Section 7204, General Code, he is entitled to a judgment of ouster, or forfeiture, because the tracks and equipment of the company are obstructions under that section and prevent the proper improvement of the highway. The pertinent portions of Section 7204, General Code, read:
“■It shall be the duty of. all * * * electric railway, or other electrical companies, * * * or public , service companies of any kind, to remove their poles and wires, connected therewith, or any tracks, switches, spurs, * * * or other objects when the same in the opinion of the state highway commissioner constitute obstructions in any inter-county highway or main market road or interfere with the construction, improvement, maintenance *283 or repair of such intercounty highway or main market road or the use thereof by the traveling public; * *' * subject, however, to the rights of any such company to be or remain in such highway, by virtue of any grant or franchise to said company.”
The section then provides for notice to the company by the proper officials, the regularity and efficacy of which is not questioned in this case.
The defendant claims that the section d.oes not apply to it, or rather that it is within the exception where it says:
“Subject, however, to. the rights of any such company to be or remain, in such highway, by virtue of any grant or franchise to said company.”
Defendant further relies upon the following provisions of the franchise:
“Reasonable notice shall be given of the intention to improve said roadway by paving, so that the necessary rails and materials may be secured for the removing of said railway from its present location to the center of the highway. ’ Upon the granting of this franchise and its acceptance, the grantee shall proceed, without unnecessary delay, to locate its tracks in the center of the highway from the north corporation line of the city of Columbus northwardly to the northern extremity of the roadway improvement now under construction, and shall remove its present tracks along the same portion of the highway as soon as the new track is complete and ready for practical operation.”
And further along the following provision is found in the franchise:
*284 “Whenever the. remainder of said highway is permanently improved from the north end of the portion of said highway now under construction northwardly, said grantee shall, simultaneously with said improvement, provide rails, do the necessary grading, install its tracks and pave between its rails and for one foot on the outside thereof according to plans and specifications to be approved by the authorities in control of said highway.”
The claim of the defendant then seems to be, by the construction placed on the language used in the franchise, that it is not required to place its tracks in the center of the highway except “simultaneously with said improvement,” and that it is not required to remove its tracks from the east side of the road until “the new track is complete and ready for practical operation.”
Assuming the position taken by the defendant to be sound, and that its rights permit it to construct its tracks in the center of the road, with poles and overhead construction to correspond, before forfeiting its old right of way, and that the construction in the center of the highway shall be put down simultaneously with the improvement, — assuming this to present the situation under a reasonable construction of the terms of the franchise, and applying it to the condition we have before us, let us inquire into the question presented.
“Simultaneously” means at the same. time. In laying the tracks in the new location, whether new tracks or a removal of the old tracks, the company must provide the rails, necessary grading, installation of tracks, and paving of the roadway. To *285 accomplish this there müst be a time to,-begin. To make the new construction simultaneously with the improvement, the company must begin when the improvement begins, and throughout the whole work carry on the successive steps of its work along with the respective steps in' the work of building the improvement.
The contract for the improvement has been in force since before April 1st, and so far as the petition discloses nothing has been done by the railway company towards the performance of any part of its obligations. In fact, the petition alleges that the company refuses to proceed with its part of the work. It is therefore clear that the company fails to proceed simultaneously with the improvement. Taking its own theory of the construction of the franchise the company cannot hide behind its own failure to act in one particular, and claim immunity upon the position taken by it in another particular.
The demurrer will be overruled and thirty days granted the defendant to file an answer.

Demurrer overruled.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.